## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE <br> 1310 L Street NW, 7th Floor <br> Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> GINA MCCARTHY and the NATIONAL CLIMATE TASK FORCE <br> 1600 Pennsylvania Avenue NW <br> Washington, D.C. 20500; <br><br> OFFICE OF THE SECRETARY <br> OF COMMERCE <br> 1401 Constitution Avenue NW <br> Washington, D.C. 20230; <br><br> OFFICE OF THE ADMINISTRATOR <br> OF THE ENVIRONMENTAL PROTECTION AGENCY <br> 1200 Pennsylvania Avenue NW <br> Washington, D.C. 20460, <br><br> Defendants. | Civil Action No. 21-1238 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI"), in furtherance of its complaint against Defendants GINA MCCARTHY ("McCarthy"), the NATIONAL CLIMATE TASK FORCE ("Task Force"), THE OFFICE OF THE SECRETARY OF COMMERCE ("Commerce"), and THE OFFICE OF THE ADMINISTRATOR OF THE ENVIRONMENTAL PROTECTION AGENCY ("EPA") (collectively, "Defendants"), alleges as follows:

1

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to compel production under three FOIA requests, each of which seeks information relating to the activities of the National Climate Task Force.

2.      Recently elected President Joseph Biden, Jr., has made tackling climate change a central goal of his new administration. In his first week in office, President Biden announced a series of executive actions all designed to center the federal government's regulatory policymaking on climate issues, including rejoining the Paris Agreement and imposing curbs on the United States' oil and gas industry.[1]

3.      Indeed, President Biden has claimed that he will take a "whole-of-government" approach to climate change, focusing the entire might of the federal government—including agencies dealing with national security and foreign policy—on this one issue.[2]

4.      As part of that push to focus the federal government's regulatory policymaking on climate issues, President Biden signed Executive Order 14008, which created a "National Climate Task Force." Executive Order 14008, *Tackling the Climate Crisis at Home and Abroad*, 86 Fed. Reg. 7619, 7622-23 (Jan. 27, 2021). The Task Force consists of at least twenty-one members, including the Secretary of Commerce, Administrator of the Environmental Protection Agency, and Secretary of Defense. *Id.* at 7622-23.

5.      Moreover, the National Climate Task Force is headed by a newly created position: the National Climate Advisor, who also heads the newly created White House Office of Domestic

---

[1] *See, e.g.*, Valerie Volcovici & Trevor Hunnicutt, *Biden Set to Rejoin Paris Climate Accord, Impose Curbs on U.S. Oil Industry*, FIN. POST (Jan. 20, 2021), https://bit.ly/3xL2F5K; Timothy Puko, *Biden Makes New Push to Address Climate Change*, WALL ST. J. (Jan. 27, 2021), https://on.wsj.com/2RqTvuo; THE WHITE HOUSE, *Paris Climate Agreement* (Jan. 20, 2021), https://bit.ly/2RsOUIb.

[2] Melissa Quinn, *"It's Time to Act": Biden Rolls Out New Actions on Climate Change*, CBS (Jan. 28, 2021), https://cbsn.ws/3e41cyo.

Climate Policy. *Id.* President Biden has appointed Gina McCarthy as his National Climate Advisor.

6. Since its creation, the National Climate Task force has already "developed" a "new 2030 emissions target" for the United States to reduce its nationwide greenhouse gas emissions by "50-52 percent" from its "2005 levels." THE WHITE HOUSE, *Fact Sheet: President Biden Sets 2030 Greenhouse Gas Pollution Reduction Target Aimed at Creating Good-Paying Union Jobs and Securing U.S. Leadership on Clean Energy Technologies* (April 22, 2021), https://bit.ly/2QSKrhy. Apparently, the Task Force is currently "developing this [emissions target] into a national climate strategy to be issued later this year." *Id.*

7. On February 11, 2021, the National Climate Task Force had its first meeting. THE WHITE HOUSE, *Readout of the First National Climate Task Force Meeting* (Feb. 11, 2021), https://bit.ly/3x0JTXC.

8. On February 17, 2021, CEI requested information related to that meeting from Gina McCarthy, in her capacity as Chair of the National Climate Task Force.

9. On March 23, 2021, CEI requested information from Commerce relating to communications between it and Gina McCarthy or other members of the National Climate Task Force.

10. On March 23, 2021, CEI also requested information from EPA relating to communications between it and Gina McCarthy or other members of the National Climate Task Force.

11. Defendants have failed to provide Plaintiff with the requisite determination about whether Ms. McCarthy, the National Climate Task Force, Commerce, or the EPA would comply with Plaintiff's requests, as required by FOIA, and as articulated in *Citizens for Responsibility and*

*Ethics in Washington v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013). As explained by the D.C. Circuit, agencies have a statutory deadline of 20 working days to "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id.* at 186.

## PARTIES

12. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to analyzing the costs of government overregulation. CEI's programs include research, investigative journalism, and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

13. Defendant National Climate Task Force is a federal agency headquartered in Washington, D.C. The National Climate Task Force was established by Executive Order 14008.

14. Defendant Gina McCarthy is the appointed Chair of the National Climate Task Force, in her capacity as National Climate Advisor.

15. Defendant Office of the Secretary of Commerce is a member of the National Climate Task Force by virtue of the Secretary of Commerce's appointment to that Task Force. The Department of Commerce is a federal agency headquartered in Washington, D.C.

16. Defendant Administrator of the Environmental Protection Agency is a member of the National Climate Task Force by virtue of the Administrator of the Environmental Protection Agency's appointment to that Task Force. The Environmental Protection Agency is a federal agency headquartered in Washington, D.C.

## JURISDICTION AND VENUE

17. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

18. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff resides in the District of Columbia and defendant National Climate Task Force is a federal agency, and the Department of Commerce and Environmental Protection Agency are also federal agencies.

## FACTUAL BACKGROUND

### President Biden Announces Sweeping Executive Action On Climate Change

19. In Executive Order 14008, among other executive orders and actions, President Biden announced a major overhaul of the federal government's approach to climate-related issues.

20. According to Executive Order 14008, the United States has "a narrow moment to pursue action at home and abroad in order to avoid the most catastrophic impacts of [the climate] crisis and to seize the opportunity that tackling climate change presents." *See* 86 Fed. Reg. 7619.

21. By the terms of the Executive Order, President Biden has thus ordered a "government-wide approach to the climate crisis," organizing and deploying "the full capacity of [the federal government's] agencies to combat the climate crisis." *Id.* at 7622-23.

22. At the center of Executive Order 14008 is the "National Climate Task Force," which is chaired by the newly established National Climate Advisor. *Id.*

23. The National Climate Task Force consists of the following members:

    a. the Secretary of the Treasury;

    b. the Secretary of Defense;

    c. the Attorney General;

    d. the Secretary of the Interior;

    e. the Secretary of Agriculture;

    f. the Secretary of Commerce;

    g. the Secretary of Labor;

    h. the Secretary of Health and Human Services;

    i. the Secretary of Housing and Urban Development;

    j. the Secretary of Transportation;

    k. the Secretary of Energy;

    l. the Secretary of Homeland Security;

    m. the Administrator of General Services;

    n. the Chair of the Council on Environmental Quality;

    o. the Administrator of the Environmental Protection Agency;

    p. the Director of the Office of Management and Budget;

    q. the Director of the Office of Science and Technology Policy;

    r. the Assistant to the President for Domestic Policy;

    s. the Assistant to the President for National Security Affairs;

    t. the Assistant to the President for Homeland Security and Counterterrorism; and

    u. the Assistant to the President for Economic Policy.

24. The National Climate Task Force is empowered to "facilitate the organization and development of a Government-wide approach to combat the climate crisis." *Id.* at 7623.

25. It is directed to "facilitate planning and implementation of key Federal actions to reduce climate pollution; increase resilience to the impacts of climate change; protect public

health; conserve our lands, waters, oceans, and biodiversity; deliver environmental justice; and spur well-paying union jobs and economic growth." *Id.*

26. And, "[t]o the extent permitted by law," the Task Force is required to "prioritize action on climate change in their policy-making and budget processes, in their contracting and procurement, and in their engagement with State, local, Tribal, and territorial governments; workers and communities; and leaders across all the sectors of our economy." *Id.*

27. Put simply, the National Climate Task Force is the nerve center of a fundamental redirection of the entire federal government's regulatory policymaking.

28. The Task Force is already acting to dramatically reorient the entire federal government's approach to policymaking within this sweeping topic. On April 22, 2021, President Biden announced a "new target for the United States" to cut its total "greenhouse gas pollution" by at least *half* of its 2005 levels by 2030. THE WHITE HOUSE, *President Biden Sets 2030 Greenhouse Gas Pollution Reduction Target*, *supra*. Apparently, this drastic and sweeping target "was developed by the National Climate Task Force." *Id.*

29. Additionally, the Task Force apparently used "a detailed bottom-up analysis that reviewed technology availability, current costs, and future cost reductions, as well as the role of enabling infrastructure." *Id.* "Standards, incentives, programs, and support for innovation" were also somehow considered. *Id.* None of that analysis has been made public. Nor had the Task Force issued any notice of proposed rulemaking on this topic or otherwise informed the public of what policies it had considered.

30. Now, the "National Climate Task Force is developing this [emissions target] into a national climate strategy to be issued this year." *Id.* It is unclear what role or input the public or Congress will have, if any, into developing this nationwide "strategy" that will drastically reshape

our nation. On this topic as well, the Task Force has not issued any notice of proposed rulemaking or otherwise informed the public of what policies it is considering.

### CEI's FOIA Requests to Gina McCarthy and The National Climate Task Force

31. On February 11, 2021, the National Climate Task Force had its first meeting ("the meeting"). THE WHITE HOUSE, *Readout of the First National Climate Task Force Meeting*, *supra*.

32. According to a publicly released "Readout" of the meeting, the National Climate Task Force met to "kickstart the Biden-Harris Administration's implementation of a whole-of-government approach to tackling climate change, creating good-paying, union jobs, and achieving environmental justice." *Id.*

33. The Task Force apparently "discussed the National Climate Task Force Charter, early actions, near-term priorities, and key milestones." *Id.*

34. However, the White House's "Readout" lacked key details—such as any documents shared at the meeting. And as the meeting was held in private, the public is thus unaware of what was actually discussed.

35. On February 17, 2021, CEI requested copies of certain documents related to the meeting under the Freedom of Information Act. In particular, CEI requested:

    a. Any transcript of the meeting;

    b. Any documents shared at the meeting;

    c. Any records of communications by members of the National Climate Task Force concerning the meeting; and

    d. Any records of communications by the Task Force with people who are not employees or officers of the federal government.

36. CEI also requested a fee waiver under 5 U.S.C. § 552(4)(A), on the grounds that CEI is a nonprofit, tax-exempt, public-interest organization, and because the release of the records would serve the public interest by increasing the public's understanding of government operations.

37. CEI delivered the request on Defendants by certified mail, USPS Tracking No. 70201810000212182449.

**Neither Ms. McCarthy Nor the Task Force Respond To CEI's FOIA Request**

38. To date, neither Ms. McCarthy nor the National Climate Task Force have responded at all to CEI's FOIA request.

39. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188.

40. Defendants Ms. McCarthy and the Task Force were required to issue such determinations on CEI's requests on or before March 17, 2021.

41. Defendants Ms. McCarthy and the Task Force have not provided any required determination in response to Plaintiff's requests, either regarding fee waivers or the substance of the request.

42. Defendants Ms. McCarthy and the Task Force are thereby improperly denying Plaintiff access to agency records in violation of FOIA.

### CEI's FOIA Requests to Defendant Commerce, and Lack of Determination

43. On March 23, 2021, CEI submitted a FOIA request to Defendant Office of the Secretary of Commerce.

44. CEI requested all emails between Gina Raimondo, the Secretary of Commerce, or her immediate staff, and Ms. McCarthy or other members of the National Climate Task Force.

45. CEI also requested a fee waiver, on the grounds that its FOIA request concerned the operation of government and is likely to contribute to the public's understanding of how the National Climate Task Force is operating, and that CEI is a non-profit organization with no commercial interest in the request.

46. On March 29, 2021, Commerce informed CEI that CEI's request for a fee waiver had been fully granted.

47. Commerce had indicated that it would complete its determination and response by April 26, 2021.

48. Commerce was required to provide a determination on CEI's requests on or before April 20, 2021.  5 U.S.C. § 552(a)(6)(A)(i); *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188.

49. However, Commerce has not completed its determination or response, and has not further communicated with CEI.

50. Commerce is thereby improperly denying Plaintiff access to agency records in violation of FOIA.

### CEI's FOIA Requests to Defendant EPA, and Lack of Determination

51. On March 23, 2021, CEI submitted a FOIA request to Defendant Administrator of the Environmental Protection Agency.

52. CEI requested all emails between Michael Regan, the Administrator of the Environmental Protection Agency, or his immediate staff, and Ms. McCarthy or other members of the National Climate Task Force.

53. CEI also requested a fee waiver, on the grounds that its FOIA request concerned the operation of government and is likely to contribute to the public's understanding of how the National Climate Task Force is operating, and that CEI is a non-profit organization with no commercial interest in the request.

54. On April 2, 2021, Defendant EPA informed CEI that CEI's request for a fee waiver had been denied.

55. Defendant EPA has not completed its determination or response, and has not further communicated with CEI.

56. Defendant EPA was required to provide a determination on CEI's requests on or before April 20, 2021.  5 U.S.C. § 552(a)(6)(A)(i); *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188.

57. Yet EPA has not provided the required determination in response to Plaintiff's request.

58. EPA is thereby improperly denying Plaintiff access to agency records in violation of FOIA.

## **FIRST CLAIM FOR RELIEF**

### **Duty to Produce Records – Declaratory Judgment**

59. Plaintiff re-alleges paragraphs 1–58 as if fully set out herein.

60. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

61. Plaintiff has a statutory right to the information it seeks and that Defendants have unlawfully withheld.

62. Plaintiff is not required to further pursue administrative remedies.

63. Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to their FOIA requests described above, and any attachments thereto, but Defendants have failed to provide them;

   b. Defendants' lack of an adequate response to Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy Defendants' obligations under FOIA;

   c. Defendants must now produce records responsive to Plaintiff's requests.

## SECOND CLAIM FOR RELIEF

### Duty to Produce Records – Injunctive Relief

64. Plaintiff re-alleges paragraphs 1–63 as if fully set out herein.

65. Plaintiff is entitled to injunctive relief compelling Defendants to produce the responsive records.

66. This Court should enter an injunction ordering Defendants to produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto.

## THIRD CLAIM FOR RELIEF

### Costs and Fees – Injunctive Relief

67. Plaintiff re-alleges paragraphs 1–66 as if fully set out herein.

68.     Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

69.     This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief described herein, its attorney fees and costs, and such other and further relief as the Court shall deem proper.

Respectfully submitted this 6th day of May, 2021,

SAM KAZMAN
D.C. Bar No. 946376
DEVIN WATKINS
D.C. Bar No. 155179
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, D.C. 20006
sam.kazman@cei.org
(202) 331-1010

*/s/ Michael H. McGinley*
MICHAEL H. MCGINLEY
D.C. Bar No. 1006943
MICHAEL P. CORCORAN
Pa. Bar No. 328081
(*pro hac vice* motion forthcoming)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
michael.mcginley@dechert.com
(215) 994-4000

ERIC D. HAGEMAN
D.C. Bar No. 1601820
DECHERT LLP
1900 K Street, NW
Washington, D.C. 20006

*Attorneys for Plaintiff Competitive Enterprise Institute*