**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COMPETITIVE ENTERPRISE INSTITUTE,
        Plaintiff,

    v.

GINA MCCARTHY, *et al.*,
        Defendants.

Civil Action No. 21-1238 (CKK)

**MEMORANDUM OPINION & ORDER**
(October 7, 2021)

Now pending before the Court is the Competitive Enterprise Institute's ("CEI") [16] Motion for Leave to File a Supplemental Complaint. Upon review of the pleadings and the record as a whole,[1] the Court will **GRANT** CEI's [16] Motion and accept CEI's [16-1] First Amended and Supplemental Complaint as the operative pleading in this case. Moreover, because CEI's [16-1] First Amended and Supplemental Complaint supersedes Defendants' [6] Motion to Dismiss in Part and [12] Renewed Motion to Dismiss in Part, the Court will **DENY** both motions **WITHOUT PREJUDICE AS MOOT**.

## I.    BACKGROUND

CEI filed its initial complaint in this action on May 6, 2021, against Defendants Gina McCarthy, the National Climate Task Force, the Office of the Secretary of Commerce, and the Office of the Administrator of the Environmental Protection Agency. *See* Compl., ECF No. 1, at

---

[1] This Memorandum Opinion focuses on the following documents:
- Am. Compl., ECF No. 7;
- Defs.' Mot. to Dismiss in Part, ECF No. 6;
- Defs.' Renewed Mot. to Dismiss in Part, ECF No. 12;
- Pl.'s Mot. for Leave to File a Suppl. Compl. ("Pl.'s Mot."), ECF No. 16; and,
- First Am. and Suppl. Compl., ECF No. 16-1.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

¶¶ 1–15.  Therein, CEI alleged that these Defendants failed to respond to CEI's request under the Freedom of Information Act ("FOIA") for documents related to the activities of the National Climate Task Force.  *See id.* at ¶¶ 31–58.  Accordingly, CEI's initial complaint requested declaratory and injunctive relief under FOIA, which would compel Defendants to produce certain relevant documents to CEI.  *See id.* at ¶¶ 59–69.

On June 14, 2021, Defendants responded to CEI's original complaint by filing a partial motion to dismiss.  Defendants' motion argued that neither Gina McCarthy nor the National Climate Task Force constitutes an "agency" subject to FOIA.  *See* Defs.' Mem., ECF No. 6-1, at 5–14.  As such, Defendants asserted that CEI had not stated a plausible FOIA claim against either Gina McCarthy or the National Climate Task Force and moved for the dismissal of CEI's claims against those Defendants under Federal Rule of Civil Procedure 12(b)(6).  *Id.* at 14.  In response to this partial motion to dismiss, CEI filed an amended complaint as a matter of right on June 28, 2021, pursuant to Rule 15(a)(1)(B).  *See* Am. Compl., ECF No. 7; Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").  At that point, CEI's newly amended complaint became the operative pleading in this action and, therefore, mooted Defendants' earlier filed motion to dismiss.  *See Easter v. District of Columbia*, 128 F. Supp. 3d 173, 179 (D.D.C. 2015) ("[A]ll pending motions pertaining to the prior operative complaint may be denied without prejudice as moot.").

On July 12, 2021, Defendants renewed their Rule 12(b)(6) motion in response to CEI's amended complaint.  In this renewed motion, Defendants reprised their argument that neither Gina McCarthy nor the National Climate Task Force is an "agency" under FOIA and that CEI, therefore,

cannot state a plausible FOIA claim against either of these two parties.  *See* Defs.' Mem., ECF No. 12-1, at 6–17.  CEI filed its opposition to Defendants' partial motion to dismiss on August 9, 2021, *see* Pl.'s Opp'n, ECF No. 17, at 1, and Defendants filed their reply brief on August 30, 2021, *see* Defs.' Reply, ECF No. 18, at 1.  Accordingly, briefing on Defendants' renewed partial motion to dismiss has been completed.

On July 20, 2021, during the briefing on Defendants' renewed motion to dismiss, CEI also filed a motion for leave under Rule 15(d) to supplement its operative amended complaint.  *See* Pl.'s Mot., ECF No. 16, at 1.  In this Rule 15(d) motion, CEI seeks to supplement its amended complaint by adding the following new defendants: the Department of Housing and Urban Development, the Department of Transportation, the Department of Energy, the General Services Administration, the Office of Management and Budget, the Office of Science and Technology Policy, the Department of the Treasury, the Department of Defense, the Department of Justice, the Department of the Interior, the Department of Labor, the Department of Health and Human Services, and the Department of Homeland Security.  CEI allegedly made additional FOIA requests to these parties regarding the National Climate Task Force on May 14, 2021, *after* it filed its original complaint.  *See* Am. & Suppl. Compl., ECF No. 16-1, at ¶¶ 78–88.  And CEI now claims that these entities have not provided it with adequate responses to CEI's FOIA requests. Pl.'s Mot., ECF No. 16, at 2.  In its Rule 15(d) motion, therefore, CEI seeks to supplement its amended complaint by adding these entities as defendants in this case.  *See id.* at 2–3.  CEI also asks to supplement its amended complaint with a single new allegation pertaining to the most recent meeting held by the National Climate Task Force on June 24, 2021.  *Id.* at 3.  Along with its Rule 15(d) motion, CEI has filed its proposed "First Amended and Supplemental Complaint," which contains the new allegations that CEI seeks to add to its current pleadings.  *See* Am. &

Suppl. Compl., ECF No. 16-1.

CEI's Rule 15(d) motion for leave to supplement its amended complaint remains pending before the Court.  Defendants have informed CEI, through counsel, that they "take no position regarding" CEI's Rule 15(d) motion.  Pl.'s Mot., ECF No. 16, at 1.  Consequently, Defendants have filed no opposition to CEI's Rule 15(d) motion for the Court to consider.  As such, CEI's Rule 15(d) motion is now ripe for this Court's review.

## II.    DISCUSSION

For the reasons set forth herein, the Court will **GRANT** CEI's motion for leave under Rule 15(d) and accept CEI's [16-1] "First Amended and Supplemental Complaint" as the operative pleading in this action.  Because this new operative pleading supersedes Defendants' [6][12] Motions to Dismiss in Part, the Court will **DENY** those motions **WITHOUT PREJUDICE AS MOOT** and allow Defendants to refile that motion in response to CEI's newly operative pleading.

**\*\*\*\***

CEI has filed a motion to "supplement" its amended complaint pursuant to Federal Rule of Civil Procedure 15(d).  Pl.'s Mot., ECF No. 16, at 1.  Rule 15(d) allows the Court, '[o]n motion and reasonable notice . . . [and] on just terms, [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Specifically, "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [and] to include new parties where subsequent events have made it necessary to do so."  *Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002) (citation omitted)).  In this way, Rule 15(d) serves to "promote as complete an adjudication of the dispute between the parties as is possible."  Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504

4

(3d ed.).

"Courts typically resolve motions to supplement under Rule 15(d) and motions to amend under Rule 15(a) via the same standard." *Schonzeit v. Bernhardt*, No. CV 18-3052 (JEB), 2020 WL 6701318, at *2 (D.D.C. Nov. 13, 2020) (collecting cases). Therefore, "the decision to grant a motion for leave to file a supplemental pleading is within the discretion of the district court." *Cause of Action Inst. v. DOJ*, 282 F. Supp. 3d 66, 72 (D.D.C. 2017) (citations omitted). Nonetheless, Rule 15(d) motions "should be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Id.* (quoting *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "It is the opposing party's burden to demonstrate why leave should not be granted." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017).

Here, granting CEI leave under Rule 15(d) to supplement its amended complaint is appropriate, given the present record in this case. To begin, CEI's proposed supplemental allegations relate directly to the subject matter of its current operative pleading. CEI's amended complaint focuses on the FOIA requests CEI made to the National Climate Task Force, and two of its specific members: the EPA Administrator and the Commerce Secretary. *See* Am. Compl., ECF No. 7, at ¶¶ 31–63. CEI's proposed supplemental allegations similarly focus on the FOIA requests CEI subsequently made to additional members of the National Climate Task Force, for example the Secretary of Homeland Security. *See* Pl.'s Mot., ECF No. 16, at 2–3. The context and subject matter of these FOIA requests are closely intertwined. Put otherwise, CEI's challenge to the allegedly inadequate FOIA responses from the National Climate Task Force and its various members share common factual and legal overlap. Treating these interconnected FOIA disputes

together in the same civil action will promote judicial economy and prevent a balkanized resolution to CEI's overall complaint.  Such considerations weigh in favor of granting leave to supplement under Rule 15(d).  *See Jones v. Bernanke*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010) ("The court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience.").

Furthermore, CEI's request to supplement its amended complaint is not the product of undue delay.  CEI submitted its FOIA requests to the new Defendants it proposes to add into this action *after* it filed its original complaint.  *See* Pl.'s Mot., ECF No. 16, at 2.  And CEI also explains that the response deadline for many of these new FOIA requests did not come due until July 2021.  *See id.* at 5.  CEI then filed its Rule 15(d) motion on July 20, 2021, meaning that this filing occurred promptly after the FOIA deadlines for the new Defendants expired.  Moreover, CEI also seeks to supplement its pleadings with an allegation regarding the latest meeting of the National Climate Task Force, which took place on June 24, 2021.  Pl.'s Mot., ECF No. 16, at 3.  This new event also took place just weeks before CEI moved to supplement its operative pleadings.  In sum, CEI filed its Rule 15(d) motion only shortly after the predicate events that motivated CEI's supplemental allegations.  This demonstrates that CEI's Rule 15(d) motion is not the product of undue delay or bad faith.  To the contrary, CEI's efforts to supplement its pleadings and include new defendants in this case because of recently occurring events is appropriate under Rule 15(d).  *See Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) ("Rule 15(d) is used to set forth new facts that update the original pleading" and "to include new parties where subsequent events have made it necessary to do so.") (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002)).

Finally, CEI's request to supplement its amended complaint does not threaten any undue prejudice on the Defendants in this case.  First, as noted above, CEI's request to supplement its

pleadings was promptly filed and, therefore, will not cause the Defendants any unnecessary delay in this case.  Moreover, CEI's supplemental allegations do not alter the original allegations made against Defendants Gina McCarthy and the National Climate Task Force.  Consequently, CEI's proposed supplemental allegations will not inhibit the ability of those two Defendants to advance their Rule 12(b)(6) argument, which contends that neither Ms. McCarthy nor the Task Force is subject to FOIA.  *See* Defs.' Mem., ECF No. 12-1, at 6–17.  Finally, and perhaps most importantly, Defendants have formally taken "no position" with regards to CEI's Rule 15(d) motion and have filed no formal opposition thereto.  Pl.'s Mot., ECF No. 16, at 1.  Yet, "[i]t is the opposing party's burden to demonstrate why leave should not be granted."  *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017).  Absent any opposition, the Defendants have not carried their burden of establishing that CEI's proposed supplemental allegations will cause them prejudice.

For the foregoing reasons, the Court concludes that CEI's proposed supplemental allegations advance the goals of judicial economy and do not threaten any undue delay or prejudice in this case. *See Cause of Action Inst. v. DOJ*, 282 F. Supp. 3d 66, 72 (D.D.C. 2017) (quoting *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006)).  Accordingly, in an exercise of its discretion, the Court will grant CEI's request for leave to supplement its amended complaint under Rule 15(d).  The Court will, therefore, accept CEI's [16-1] "First Amended and Supplemental Complaint" as the operative pleading in this action.  And finally, because CEI's [16-1] First Amended and Supplemental Complaint temporally supersedes Defendants' [6][12] Motions to Dismiss in Part, the Court will deny those motions without prejudice, as moot. *See Easter v. District of Columbia*, 128 F. Supp. 3d 173, 179 (D.D.C. 2015) ("[A]ll pending motions pertaining to the prior operative complaint may be denied without prejudice as moot.").

### III.    CONCLUSION

For the reasons set forth in this Memorandum Opinion & Order, the Court hereby **ORDERS** as follows:

The Court **GRANTS** CEI's [16] Motion for Leave to File a Supplemental Complaint. CEI's [16-1] First Amended and Supplemental Complaint is now the operative pleading in this civil action.

The Court **FURTHER ORDERS** that Defendants' [6] Motion to Dismiss in Part and [12] Renewed Motion to Dismiss in Part are both **DENIED WITHOUT PREJUDICE AS MOOT**. Defendants' may refile their motion or otherwise respond to [16-1] First Amended and Supplemental Complaint by **OCTOBER 28, 2021**.

**SO ORDERED.**

Dated: October 7, 2021

_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge

8