IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE,<br><br>*Plaintiff*,<br><br>v.<br><br>OFFICE OF THE SECRETARY OF COMMERCE, *et al.*,<br><br>*Defendants*. | Case No. 1:21-cv-1238-CKK |

## ANSWER

Defendants—the Environmental Protection Agency, the General Services Administration, the Office of Management and Budget, and the Office of Science and Technology Policy, and the U.S. Departments of Commerce, Housing and Urban Development, Transportation, Energy, the Treasury, Defense, Labor, Justice, Health and Human Services, and Homeland Security—hereby answer the numbered paragraphs of the operative complaint of Plaintiff, the Competitive Enterprise Institute. *See* First Amended & Supplemental Complaint, ECF No. 16-1; *see also* Memorandum Opinion & Order, ECF No. 19, at 1 ("accept[ing] CEI's 16-1 First Amended and Supplemental Complaint as the operative pleading in this case").

1. Defendants admit that this case arises under the Freedom of Information Act (FOIA). The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests and of their complaint. Defendants respectfully refer the Court to Plaintiff's FOIA requests and to the First Amended and Supplemental Complaint for a full and accurate statement of their contents.

2. The allegations of this paragraph do not state a claim for relief or aver facts in sup-

port of such a claim, and therefore no response is required. To the extent that this paragraph characterizes a news story, the Court is respectfully referred to that story for a full and accurate recitation of its contents.

3. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that this paragraph characterizes a news story, the Court is respectfully referred to that story for a full and accurate recitation of its contents.

4. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that this paragraph characterizes Executive Order 14008, the Court is respectfully referred to that Executive Order for a full and accurate recitation of its contents.

5. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that this paragraph characterizes Executive Order 14008, the Court is respectfully referred to that Executive Order for a full and accurate recitation of its contents.

6. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that this paragraph characterizes a White House Fact Sheet, the Court is respectfully referred to that Fact Sheet for a full and accurate recitation of its contents.

7. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that this paragraph characterizes a White House Readout of a meeting of the National Climate Task Force (NCTF), the Court is respectfully referred to that Readout for a full and accurate recitation of its contents.

8. Defendants admit that Plaintiff sent a FOIA request to Gina McCarthy and the NCTF on or about February 17, 2021. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request to Ms. McCarthy and the NCTF. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

9. Defendants admit that Plaintiff sent a FOIA request to the Department of Commerce on or about March 23, 2021. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request to Commerce. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

10. Defendants admit that Plaintiff sent a FOIA request to the Environmental Protection Agency (EPA) on or about March 23, 2021. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request to the EPA. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

11. Defendants admit that, on or about May 14, 2021, Plaintiff sent FOIA requests to the Office of Management and Budget, the Office of Science and Technology Policy, and the Departments of Housing and Urban Development, Transportation, Energy, the Treasury, Defense, Justice, Labor, Health and Human Services, and Homeland Security. The remaining allegations in this paragraph consist of Plaintiff's characterization of those FOIA requests. Defendants respectfully refer the Court to those requests for a full and accurate statement of their contents.

12. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Deny, except that Defendants admit that the NCTF was established by Executive

Order 14008.

15. Deny.

16. Defendants admit the allegations in this paragraph.

17. Defendants admit the allegations in this paragraph.

18. Defendants admit the allegations in this paragraph.

19. Defendants admit the allegations in this paragraph.

20. Defendants admit the allegations in this paragraph.

21. Defendants admit that the General Services Administration is a federal agency headquartered in Washington, D.C.  Defendants deny that Katy Kale is the Acting Administrator of the General Services Administration, and that she is a member of the NCTF.

22. Defendants admit the allegations in this paragraph.

23. Defendants admit the allegations in this paragraph.

24. Defendants admit the allegations in this paragraph.

25. Defendants admit the allegations in this paragraph.

26. Defendants admit the allegations in this paragraph.

27. Defendants admit the allegations in this paragraph.

28. Defendants admit the allegations in this paragraph.

29. Defendants admit the allegations in this paragraph.

30. This paragraph consists of conclusions of law to which no response is required.

31. This paragraph consists of conclusions of law to which no response is required.

32. This paragraph characterizes Executive Order 14008, to which the Court is respectfully referred for a full and accurate recitation of its contents.  To the extent this paragraph is inconsistent with Executive Order 14008, denied.

33. This paragraph characterizes Executive Order 14008, to which the Court is respectfully referred for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with Executive Order 14008, denied.

34. This paragraph characterizes Executive Order 14008, to which the Court is respectfully referred for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with Executive Order 14008, denied.

35. Defendants admit only that Executive Order 14008 established the NCTF. Defendants deny that the NCTF is chaired currently by the National Climate Advisor. To the extent that this paragraph characterizes Executive Order 14008, the Court is respectfully referred to that Executive Order for a full and accurate recitation of its contents. To the extent Plaintiff's characterization is inconsistent with Executive Order 14008, denied.

36. Defendants admit that the officials listed in this paragraph are designated as members of the NCTF by Executive Order 14008.

37. This paragraph characterizes Executive Order 14008, to which the Court is respectfully referred for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with Executive Order 14008, denied.

38. This paragraph characterizes Executive Order 14008, to which the Court is respectfully referred for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with Executive Order 14008, denied.

39. This paragraph characterizes Executive Order 14008, to which the Court is respectfully referred for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with Executive Order 14008, denied.

40. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent a response is required, denied.

41. This paragraph characterizes a press release, to which the Court is respectfully referred for a full and accurate recitation of its contents.

42. This paragraph characterizes a press release, to which the Court is respectfully referred for a full and accurate recitation of its contents. Defendants admit that the NCTF did not engage in rulemaking regarding the pollution-reduction targets. Defendants deny the remaining allegations in this paragraph.

43. This paragraph characterizes a press release, to which the Court is respectfully referred for a full and accurate recitation of its contents. Defendants admit that the NCTF has not engaged in rulemaking to date regarding a national climate strategy. Defendants deny the remaining allegations in this paragraph.

44. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that this paragraph characterizes a White House Readout of a meeting of the National Climate Task Force (NCTF), the Court is respectfully referred to that Readout for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with the Readout, denied.

45. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that this paragraph characterizes a White House Readout of a meeting of the National Climate Task Force (NCTF), the Court is respectfully referred to that Readout for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with the Readout, denied.

46. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required.  To the extent that this paragraph characterizes a White House Readout of a meeting of the National Climate Task Force (NCTF), the Court is respectfully referred to that Readout for a full and accurate recitation of its contents.  To the extent this paragraph is inconsistent with the Readout, denied.

47. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required.  To the extent a response is required, denied.

48. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request.  Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

49. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request.  Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

50. Defendants admit the allegations in this paragraph.

51. Ms. McCarthy and the NCTF have been dismissed from this suit, and therefore no response is required as to them.  To the extent a response is required, Defendants admit that the NCTF has not responded to CEI's FOIA request.

52. This paragraph consists of conclusions of law to which no response is required.

53. Deny.

54. Deny.

55. Deny.

56. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent that a response is required, denied except to admit that the NCTF has taken action since its first meeting and its receipt of Plaintiffs' FOIA request.

57. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Readout characterized in this paragraph for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with the Readout, denied.

58. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent a response is required, Defendants respectfully refer the Court to the press statement characterized in this paragraph for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with the press statement, denied.

59. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Readout characterized in this paragraph for a full and accurate recitation of its contents. To the extent this paragraph is inconsistent with the Readout, denied.

60. The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required. To the extent a response is required, Defendants admit the first sentence of this paragraph. The remainder of this paragraph character-

izes a statement from the Western Governors Association, to which the Court is respectfully referred for a full and accurate recitation of its contents.  To the extent this paragraph is inconsistent with that statement, denied.

61.     The allegations of this paragraph do not state a claim for relief or aver facts in support of such a claim, and therefore no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Readout characterized in this paragraph for a full and accurate recitation of its contents.  To the extent this paragraph is inconsistent with the Readout, denied.

62.     Defendants admit the allegations in this paragraph.

63.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request.  Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

64.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request.  Defendants respectfully refer the Court to that request for a full and accurate statement of its contents.

65.     Defendants admit the allegations in this paragraph.

66.     Defendants admit the allegations in this paragraph.

67.     This paragraph consists of conclusions of law to which no response is required.

68.     Defendants admit the allegations in this paragraph.

69.     Deny.

70.     Defendants admit the allegations in this paragraph.

71.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself.

72. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself.

73. Defendants admit the allegations in this paragraph.

74. Deny.

75. This paragraph consists of conclusions of law to which no response is required.

76. Deny.

77. Deny.

78. Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of Housing and Urban Development, which assigned the tracking number 21-FI-HQ-01106 to the request. Defendants admit that the Department of Housing and Urban Development has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

79. Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of Transportation, which assigned the referenced tracking number to the request. Defendants deny that the Department of Transportation has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

80. Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of Energy, which assigned the referenced tracking number to the request. Defendants deny that the Department of Energy has not yet provided a complete response to Plain-

tiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

81.   Defendants admit that, on or about May 15, 2021, Plaintiff submitted a FOIA request to the General Services Administration, which assigned the referenced tracking number to the request. Defendants deny that the General Services Administration has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

82.   Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Office of Management and Budget, which assigned the referenced tracking number to the request. Defendants deny that the Office of Management and Budget has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

83.   Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Office of Science and Technology Policy, which assigned the referenced tracking number to the request. Defendants admit that the Office of Science and Technology Policy has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

84.   Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of the Treasury, which assigned the referenced tracking number to the

request. Defendants admit that the Department of the Treasury has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

85. Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of Justice, which assigned the referenced tracking number to the request. Defendants deny that the Department of Justice has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

86. Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of Labor, which assigned the referenced tracking number to the request. Defendants deny that the Department of Labor has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

87. Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of Health and Human Services, which assigned the referenced tracking number to the request. Defendants admit that the Department of Health and Human Services has not yet provided a complete response to Plaintiff's FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

88. Defendants admit that, on or about May 14, 2021, Plaintiff submitted a FOIA request to the Department of Homeland Security, which assigned the referenced tracking number to the request. Defendants deny that the Department of Homeland Security has not yet provided a response to Plaintiff's FOIA request, and aver that an interim response to Plaintiff's request was made by letter dated August 30, 2022. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself, and of conclusions of law to which no response is required.

89. Defendants incorporate by reference their responses to the preceding paragraphs.

90. Deny.

91. The allegations in this paragraph consist of conclusions of law to which no response is required.

92. The allegations in this paragraph consist of conclusions of law to which no response is required.

93. The allegations in this paragraph consist of Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief that it seeks or to any other relief in this action.

94. Defendants incorporate by reference their responses to the preceding paragraphs.

95. The allegations in this paragraph consist of conclusions of law to which no response is required.

96. The allegations in this paragraph consist of Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief that it seeks or to any other relief in this action.

97. Defendants incorporate by reference their responses to the preceding paragraphs.

98. The allegations in this paragraph consist of conclusions of law to which no response is required.

99. The allegations in this paragraph consist of Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief that it seeks or to any other relief in this action.

The remainder of the operative complaint sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief that it seeks or to any other relief in this action.

Each and every allegation of the operative complaint not heretofore expressly admitted or denied is hereby denied.

## DEFENSES

Plaintiff is not entitled to compel the production of records, or portions thereof, exempted from disclosure by one or more of the exemptions to the FOIA, 5 U.S.C. § 552(b).

Dated:  December 12, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Cody T. Knapp*
CODY T. KNAPP
Trial Attorney (NY #5715438)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Telephone: (202) 532-5663
Facsimile: (202) 616-8470
E-mail: cody.t.knapp@usdoj.gov

*Counsel for Defendant*